HEALY TIBBITTS CONSTRUCTION CO., a corporation, Plaintiff-Appellant,

v.

INSURANCE COMPANY OF NORTH AMERICA, a corporation, Defendant-Appellee.

No. 80–4565.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 23, 1982.

Decided June 18, 1982.

Rehearing Denied Aug. 2, 1982.

Stephen McReavy and Linda E. Klamm, Hall, Henry, Oliver & McReavy, San Francisco, Cal., for plaintiff-appellant.

Thomas Wait, Barfield, Barfield, Dryden, Ruane, San Francisco, Cal., for defendant-appellee.

Before GOODWIN, SKOPIL, and FARRIS, Circuit Judges.

PER CURIAM:

The panel unanimously agrees that this case may be submitted without oral argument.

Healy Tibbitts Construction Company appeals from the grant of summary judgment in favor of its insurer, Insurance Company of North America. Healy assigns error to the trial court's finding that the insurance policy exclusion precluded his recovery. He argues that 1) the barge was not within the policy exclusion, 2) failure to plead the exclusion as an affirmative defense waived the provision, and 3) failure to attempt settlement and delay in acting on the claim constituted bad faith. We affirm.

The insurance policy specifically excludes "water craft in the care, custody or control of the insured." We have carefully reviewed the record, since we review construction of an insurance policy exclusionary clause *de novo*. The trial court's finding on undisputed facts that Healy had control over the barge at the time of the damage and that its access to the barge was more than just temporary is the only conclusion supported by the record. *See Home Indemnity Co. v. Leo L. Davis, Inc.*, 79 Cal.App.3d 863, 145 Cal.Rptr. 158 (1978); and *Kershaw v. Maryland Casualty Co.*, 172 Cal.App.2d 248, 342 P.2d 72 (1959).

Control does not involve an element of causation here. In *State Farm Mutual Auto Insurance Co. v. Partridge*, 10 Cal.3d 94, 109 Cal.Rptr. 811, 514 P.2d 123 (1973), upon which Healy primarily relies for its argument, the exclusion was for injuries "arising out of the use." That language differs from the language here. Healy's argument that the barge was in no one's control at the time of the storm also fails. The contract gave Healy complete responsibility for the barges until they were picked up by the owner. The provision is sufficient to place the barges in Healy's control at the time of the damage.

Although the Insurance Company of North America listed seven affirmative defenses and failed to refer to the policy's control exclusion clause, such failure is not a waiver. While state law defines the nature of the defenses, the Federal Rules of Civil Procedure provide the manner and time in which defenses are raised and when waiver occurs. *Morgan Guaranty Trust Co. of New York v. Blum*, 649 F.2d 342, 344 (5th Cir. Unit B, 1981). The defendant should be permitted to raise its policy exclusions defense in a motion for summary judgment, whether or not it was specifically pleaded as an affirmative defense, at least where no prejudice results to the plaintiff. 6 Pt. 2 *Moore's Federal Practice*, § 56.17[4] at 56–737 (2 ed. 1980). Here, both parties were aware of the policy exclusion; it was discussed by Healy in its opposition to the motion for summary judgment. *See Backar v. Western States Producing Co.*, 547 F.2d 876, 881 (5th Cir. 1977).

There is no merit to the allegation of bad faith. The fact that the barge was excluded from coverage precludes a ques-

tion of bad faith refusal to settle. *See Johansen v. California State Automobile Association Inter-Insurance Bureau*, 15 Cal.3d 9, 19, 123 Cal.Rptr. 288, 538 P.2d 744 (1975).

Affirmed.