**ROSEN**

v.

**MASTERPIECE MARKETING GROUP, LLC et al.**

**CV 15–06629 SJO (ASx)**

United States District Court,
C.D. California.

Signed 03/01/2016

Adam I. Gafni, Sascha D. B. Meisel, Law Offices of Adam I. Gafni, Santa Monica, CA, for Rosen.

Joseph S. Leventhal, Joshua M. Heinlein, Dinsmore and Shohl LLP, San Diego, CA, Michael A. Millett, Law Office of Michael A. Millett PA, Overland Park, KS, for Masterpiece Marketing Group, LLC et al.

**PROCEEDINGS (in chambers): ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE THE ANSWER OF MASTERPIECE MARKETING GROUP, LLC** [Docket. No. 52]

THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

This matter is before the Court on Plaintiff Barry Rosen's ("Plaintiff") Motion to Strike the Answer of Masterpiece Marketing Group, LLC ("Motion"), filed on January 27, 2016. Defendant Masterpiece

Marketing Group, LLC ("MMG") opposed the Motion ("Opposition") on February 8, 2016. Plaintiff replied ("Reply") on February 12, 2016. The Court found this matter suitable for disposition without oral argument and vacated the hearing set for February 29, 2016. *See* Fed. R. Civ. P. 78(b). For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Motion.

I. FACTUAL AND PROCEDURAL BACKGROUND

A. Factual Background

This case centers on allegations that MMG sold and displayed online eleven of Plaintiff's copyrighted photographs (the "Photographs") without Plaintiff's authorization. Plaintiff alleges the following in his First Amended Complaint ("FAC"), filed on September 29, 2015. (First Am. Compl., ECF No. 10).[1]

Plaintiff is a professional photographer who resides within the County of Los Angeles, California and owns all rights, title, and interest in the Photographs, each of which are copyrightable subject matter. (FAC ¶¶ 1, 16.) One of the eleven Photographs has been issued a Certificate of Registration by the United States Copyright Office (the "Copyright Office"), while the other ten Photographs have been registered and are pending final registration number issuance by the Copyright Office. (FAC ¶¶ 18–19.) None of the Photographs were "works for hire." (FAC ¶ 20.) MMG is a limited liability corporation registered to do business in Kansas that sells celebrity photographs and memorabilia on eBay under the username mmgarchives and on its own website, located at www.mmgarchives.com. (FAC ¶¶ 2–3, 17.) MMG

---

1. Plaintiff filed his initial Complaint ("Complaint") on August 28, 2015. (Compl., ECF No. 1.)

also displays photographic images on a website operated by MMG located at www.borsariimages.com, on sears.com, a website which is managed and operated by Defendants Sears Brands, LLC ("Sears Brands") and Sears Holding Management Corporation ("Sears Holding") (collectively, "Sears Defendants") (together with MMG, "Defendants"), and on other websites. (FAC ¶¶ 2–3, 5, 17.) MMG has sold thousands of items to customers through its eBay account, including celebrity photographic prints. (FAC ¶ 4.) MMG, without authorization or permission from Plaintiff, "unlawfully copied/reproduced, uploaded/downloaded, caused to be uploaded/downloaded, publicly displayed, distributed, and attempted to sell the Photographs to a global audience on the World Wide Web via eBay, sears.com, and other sites." (Compl. ¶ 22, ECF No. 1.) MMG affixed a watermark to the Photographs indicating a photographer named Peter Bosari owned the copyright to the works or took the photographs. (Compl. ¶ 39.)

On August 5, 2015, Plaintiff sent a notification pursuant to 17 U.S.C. section 512 ("DMCA Notice") to the Sears Defendants identifying seven Photographs (the "Sears Photos") that were being displayed on their websites. (Compl. ¶ 23.) Despite the Sears Defendants' ability to remove or disable access to the Sears Photos, the Sears Photos remained publicly accessible and publicly displayed as of the filing date of the FAC.[2] (Compl. ¶ 24.) Plaintiff further alleges he has sent numerous letters and emails to MMG, but that MMG has refused to take down the Photographs and continues to list the Photographs for sale. (Compl. ¶ 26.)

B. Procedural Background

On August 28, 2015, Plaintiff filed the Complaint alleging that MMG directly infringed his copyrights in the Photographs, violating 17 U.S.C. sections 106 and 501. (See Compl.) Thirty-two days later, Plaintiff filed the FAC, additionally alleging that MMG violated 17 U.S.C. section 1202(a). (See FAC ¶¶ 38–49.)

MMG filed an answer to the FAC ("Answer") on January 6, 2016. (See Answer, ECF No. 35.) On page 8 of its Answer, MMG lists eight affirmative defenses, reproduced in their entirety below:

1. Plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted.

2. MMG is protected by the First Sale Doctrine.

3. Plaintiff has unclean hands.

4. Plaintiff had granted a license to Peter Bosari to market and sell the photographs in question.

5. Plaintiff is barred by the Statute of Limitations.

6. Plaintiff has waived his right to claim a copyright violation.

7. Plaintiff abandoned the photographs he claims a copyright violation in.

8. The Court lacks personal jurisdiction over defendant.

On January 27, 2016, Plaintiff filed the instant Motion asking the Court to strike MMG's Answer. (See generally Mot. to Strike, ECF No. 52.) On February 8, 2016, MMG opposed Plaintiff's Motion, filing exhibits in support of its Opposition, and on February 12, 2016, Plaintiff replied. (See Opp'n, ECF No. 58; Exs. A–E in Supp. Opp'n, ECF No. 59; Reply, ECF No. 62.)

2. Plaintiff and the Sears Defendants reached settlement agreements and notified the Court of this settlement on February 5, 2016. (See Notice of Partial Settlement, ECF No. 56.)

Plaintiff thereafter moved to dismiss Defendant Sears Holding, leaving MMG the sole remaining named defendant. (See Notice of Dismissal, ECF No. 60.)

## II. DISCUSSION

In the Motion, Plaintiff asks the Court to strike each affirmative defense listed in MMG's Answer, arguing that all eight defenses "are bare statements of a legal doctrine, without any attendant facts" and that "[n]one of the defenses withstand the minimal legal burden placed on Defendant to put Plaintiff on fair notice of the defenses asserted against him." (Mot. 10.) Plaintiff further argues that fair notice, as it applies to affirmative defenses, should be interpreted according to the heightened *Twombly-Iqbal* pleading standard. (Mot. 4.); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Plaintiff additionally contends that Defendant's pleadings are insufficient even under the broader "fair notice" standard announced in *Wyshak v. City Nat. Bank*, 607 F.2d 824 (9th Cir. 1979). (Mot. to Strike 3, 10.)

### A. Legal Standard

■ The purpose of Federal Rule of Civil Procedure 12(f) ("Rule 12(f)") is to "avoid the expenditure of time and money that must arise from litigating spurious issues by disposing of those issues prior to trial." *Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010). Rule 12(f) authorizes a court, either on its own or upon a motion made by a party, to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike a defense as insufficient are often disfavored by federal courts "because of their somewhat dilatory and often harassing character." *E & J Gallo Winery v. Grenade Beverage LLC*, No. 1:13-CV-00770-AWI, 2014 WL 641901, at *1 (E.D. Cal. Feb. 18, 2014) (citing *Quintana v. Baca*, 233 F.R.D. 562, 564

(C.D. Cal. 2005)). They are generally rejected "because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Vogel v. Linden Optometry APC*, No. CV 13-00295 GAF SHX, 2013 WL 1831686, at *1–4 (C.D. Cal. Apr. 30, 2013) (quoting *Neilson v. Union Bank of Cal., N.A.*, 290 F.Supp.2d 1101, 1152 (C.D. Cal. 2003)). When granted, "[i]n the absence of prejudice to the opposing party, leave to amend should be freely given." *Wyshak*, 607 F.2d at 826–27 (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)). "Where a Rule 12(f) motion is really an attempt to dismiss certain claims, the Ninth Circuit has held that a Rule 12(b)(6) motion or a Rule 56 motion is the more proper vehicle." *See Whittlestone, Inc.*, 618 F.3d at 974.

■ Like other provisions of Rule 12, Rule 12(f) must be read in conjunction with Federal Rule of Civil Procedure 8 ("Rule 8"), which provides general pleading standards. *See* 5 Charles Alan Wright & Arthur Miller, *Federal Practice and Procedure: Civil* § 1274 (3d ed. 2013); *cf. Ileto v. Glock Inc.*, 349 F.3d 1191, 1199–200 (9th Cir. 2003) ("Rule 12(b)(6), which tests the legal sufficiency of the claims asserted in the complaint, must be read in conjunction with Rule 8."). Rule 8(b) provides that "[i]n responding to a pleading, a party must ... state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1)(A). In turn, Rule 8(c) provides that "a party must affirmatively state any avoidance or affirmative defense...." Fed. R. Civ. P. 8(c). Moreover, in order to ensure the opposing party is given "fair notice of the defense and the grounds upon which it rests," affirmative defenses must also comply with Rule 8's "short and plain statement" requirement. *Barnes v. AT & T Pension Ben. Plan–Nonbargained Program*, 718 F.Supp.2d

1167, 1170 (N.D. Cal. 2010) (citing *Wyshak*, 607 F.2d at 827).

Courts appear to be divided as to the amount of factual information that must be pled in support of an affirmative defense to satisfy the "short and plain statement" requirement of Rule 8. Put another way, there is a dispute as to whether *Wyshak*'s broader fair notice standard survived the Supreme Court's holdings in *Twombly* and *Iqbal*.[3] The Court analyzes this split below.

### 1. The Relaxed "Fair Notice" Standard

#### a. The Standard

 Under the "fair notice" standard, Courts typically find the threshold for pleading factual allegations in support of affirmative defenses to be fairly low. *See Vogel*, 2013 WL 1831686 at *1–4 (citations omitted). The standard only necessitates describing the defense in "general terms," and "a detailed statement of facts is not required." *Kohler v. Flava Enters., Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015). However, even the fair notice standard re-

quires "at least some valid factual basis" in support of its affirmative defense. *Dairy Employees Union Local No. 17 v. Dairy*, No. 5:14-CV-01295-RSWL-M, 2015 WL 505934, at *6 (C.D. Cal. Feb. 6, 2015) (internal citations omitted). The amount of factual detail required to give fair notice "depends on the particular defense in question." *Vistan Corp. v. Fadei USA, Inc.*, No. C-10-4862 JCS, 2011 WL 1544796, at *7 (N.D. Cal. Apr. 25, 2011) (citing 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1381, at 410 (3d ed.2004)).

#### b. The Reasoning

 Several district courts in this Circuit have held that the broader fair notice standard continues to apply to affirmative defenses in the wake of *Twombly* and *Iqbal*. *See, e.g., Figueroa v. Islands Rests. L.P.*, No. CV 12–00766–RGK JCGx, 2012 WL 2373249, at *2 (C.D. Cal. June 22, 2012) ("Affirmative defenses need only

---

3. *Compare Hartford Underwriters Ins. Co. v. Kraus USA, Inc.*, 313 F.R.D. 572, 574 (N.D. Cal. 2016) (internal citations omitted) ("[T]he majority of district courts have concluded that the pleading standards set forth in *Bell Atlantic Corp. v. Twombly* and *Ashcroft v. Iqbal* apply to affirmative defenses."); *Gibson Brands, Inc. v. John Hornby Skewes & Co.*, No. CV 14-00609 DDP SSX, 2014 WL 4187979, at *4 (C.D. Cal. Aug. 22, 2014); *Jacobson v. Persolve, LLC*, No. 14-CV-00735 LHK, 2014 WL 4090809, at *5 (N.D. Cal. Aug. 19, 2014) (applying *Twombly–Iqbal* standard); *Ansari v. Elec. Document Processing, Inc.*, 2013 WL 664676 (N.D. Cal. Feb. 22, 2013) (same); *Perez v. Gordon & Wong Law Grp., P.C.*, No. 11-3323, 2012 WL 1029425, at *8 (N.D. Cal. Mar. 26, 2012) (same); *Barnes & Noble, Inc. v. LSI Corp.*, 849 F.Supp.2d 925 (N.D. Cal. Feb. 2, 2012) (same); *Barnes*, 718 F.Supp.2d at 1172 (same); *CTF Dev. Inc. v. Penta Hospitality, LLC*, No. C 09-02429, 2009 WL 3517617 (N.D. Cal. Oct. 26, 2009) (same); *Solis v. Zenith Capital, LLC*, No. 08-4854, 2009 WL 1324051, at *8–9 (N.D. Cal. May 8, 2009); *Anticancer Inc. v. Xenogen Corp.*, 248

F.R.D. 278 (S.D. Cal. 2007) (same); *Qarbon.com, Inc. v. eHelp Corp.*, 315 F.Supp.2d 1046, 1049–50 (N.D. Cal. 2004) (same); *with Castellano v. Access Premier Realty7, Inc.*, No. 115CV00407MCEMJS, 2015 WL 7423821, at *2 (E.D. Cal. Nov. 23, 2015) ("Accordingly, this Court now applies the fair notice standard, and not the heightened pleading standard announced in *Twombly* and *Iqbal*, when evaluating motions to strike affirmative defenses"); *Eurow & O'Reilly Corp. v. Superior Mfg. Grp., Inc.*, No. CV 14–6595–RSWL VBKx, 2015 WL 1020116, at *3 (C.D. Cal. Mar. 6, 2015) (applying fair notice standard); *Roe v. City of San Diego*, 289 F.R.D. 604 (S.D. Cal. Mar. 5, 2013) (same); *Figueroa v. Baja Fresh Westlake Vill., Inc.*, 2012 WL 2373254 (C.D. Cal. May 24, 2012) (same); *J & J Sports Prod., Inc., v. Scace*, 2011 WL 2132723 at *1–2 (S.D. Cal. May 27, 2011) (same); *Trustmark Ins. Co. v. C & K Mkt., Inc.*, No. 10-465, 2011 WL 587574, at *1 (D. Or. Feb. 10, 2011) (same); *Garber v. Mohammadi*, No. CV 10-7144-DDP (RNB), 2011 WL 2076341 (C.D. Cal. Jan. 19, 2011) (same).

give plaintiff fair notice of the defense to be sufficiently pled."). Reading Rule 8 narrowly, these courts hold that the *Twombly–Iqbal* standard should only be applied to Rule 8(a), which discusses "*A pleading that states a claim for relief.*" By contrast, Rule 8(b) governs the pleading of defenses. Rule 8(b) requires only that a party "state in short and plain terms its defenses to each claim asserted against it." Further, Rule 8(c), which pertains specifically to affirmative defenses, requires only that in its responsive pleading a party "affirmatively state any avoidance or affirmative defense." Affirmative defenses need only give plaintiff fair notice of the defense to be sufficiently pled.

*Id.* (internal citation omitted). Accordingly, utilizing "the same standard of pleading to claims and affirmative defenses, despite this clear distinction in the rules' language, would run counter to the Supreme Court's warning in *Twombly* that legislative action, not 'judicial interpretation,' is necessary to 'broaden the scope' of specific federal pleading standards." *Kohler v. Big 5 Corp.*, No. 2:12-CV-00500-JHN, 2012 WL 1511748, at *2 (C.D. Cal. Apr. 30, 2012).

█ Also on the policy front, these courts argue that there is a notable distinction "between the time plaintiff has to compose a complaint" and "the time a defendant has to answer it, making it reasonable to impose stricter pleading requirements on a plaintiff … than a defendant who is only given 21 days to respond to a complaint and assert its affirmative defenses." *Id.* Furthermore, heightened pleading standards create unnecessary judicial burdens in that they "require the court to address multiple motions to amend the answer as discovery reveals additional defenses." *Dodson v. Strategic Rests. Acquisition Co. II, LLC*, 289 F.R.D. 595, 598–603 (E.D. Cal. 2013), *abrogated*

*on other grounds by Castellano*, 2015 WL 7423821 at *2. Consequently, courts applying the "fair notice" standard hold that "the well established standard described in *Wyshak* continues to apply." *Vogel*, 2013 WL 1831686 at *1–4.

### 2. The Heightened *Twombly–Iqbal* Standard

#### a. The Standard

"[B]are statements reciting mere legal conclusions" are deemed insufficient under the heightened *Twombly–Iqbal* standard. *Hiramanek v. Clark*, No. 13-00228, 2015 WL 693222, at *1 (N.D. Cal. Feb. 18, 2015) (citing *Perez*, 2012 WL 1029425 at *8). An answer that alleges enough facts to indentify the grounds of defense is likewise inadequate under this standard because "the burden is on the **defendant** to proffer sufficient facts and law to support an affirmative defense" *CTF Dev., Inc.*, 2009 WL 3517617 at *7–8 (emphasis in original). The facts alleged must show "more than a sheer possibility" that an affirmative defense applies. *Cf. Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937. "[J]ust as a plaintiff's complaint must allege enough supporting facts to nudge a legal claim across the line separating plausibility from mere possibility, a defendant's pleading of affirmative defenses must put a plaintiff on notice of the underlying factual bases of the defense." *Hartford Underwriters Ins. Co.*, 313 F.R.D. at 574 (citing *Perez*, 2012 WL 1029425 at *8).

#### b. The Reasoning

Other district courts in the Ninth Circuit have decided that "*Twombly* and *Iqbal* changed the legal foundation underlying the Ninth Circuit's *Wyshak* decision." *Powertech Tech., Inc. v. Tessera*, Inc., No. C 10-945 CW, 2012 WL 1746848, at *4 (N.D. Cal. May 16, 2012). These Courts have held that the reasoning in *Twombly*

and *Iqbal* applies with equal force in the context of affirmative defenses, and further note that, at the time the Court of Appeals for the Ninth Circuit decided *Wyshak*, it applied the same "fair notice" standard to both complaints and affirmative defenses. *See e.g., Perez*, 2012 WL 1029425 at *6–7. Consequently, these courts view the Supreme Court's departure from *Conley* as "redefin[ing] the pleading requirements under Rule 8" generally. *See id.*

Reading Rule 8 in a more liberal fashion, these courts argue that the United States Supreme Court in *Twombly* and *Iqbal* did not strictly adhere "to the plain language of the Federal Rules of Civil Procedure [in question]." *Dodson*, 289 F.R.D. at 598–603. Rather, for these courts, the issue has always been "whether the reasoning of *Twombly* and *Iqbal* extends to the pleading of affirmative defenses." *Id.* (emphasis added). Perhaps anticipating disagreement, these courts have stated that "[t]o the extent that the heightened pleading standard announced by these cases is based on the wording of Rule 8, a sufficient textual basis lies in Rule 8(b)(1) for extending their holdings to the pleading of affirmative defenses," presumably as a result of the ambiguity underlying the phrase "short and plain terms." *Mayfield v. Cty. of Merced*, No. 1:13-CV-1619-LJO-BAM, 2015 WL 791309, at *2–3 (E.D. Cal. Feb. 25, 2015) (quoting *Dodson*, 289 F.R.D. at 601) (internal citations & quotation marks omitted).

On the policy front, these courts have noted that the

> consideration underlying the "plausible on its face" pleading standard appears to be a desire to avoid imposing the burdens of discovery on defendants unnecessarily.... As many courts have recognized ... refraining from unnecessarily imposing the costs and burdens of

discovery ... weighs equally in favor of requiring defendants to plead only plausible affirmative defenses.... If a defendant cannot articulate the reasons that affirmative defenses apply to a dispute, it is costly, wasteful, and unnecessary to force plaintiffs to conduct discovery into those defenses. Moreover ... just as plaintiffs bear the burden of proof on their claims, defendants bear the burden of proof on their affirmative defenses ... Applying the plausibility standard to affirmative defenses is therefore consistent with *Iqbal*'s admonition that fair notice pleading under Rule 8 is not intended to give parties free license to engage in unfounded fishing expeditions on matters for which they bear the burden of proof at trial.

*Dodson*, 289 F.R.D. at 598–603. Moreover, according to these courts, this approach "weed[s] out the boilerplate listing of affirmative defenses which is commonplace in most defendant's pleadings." *Gibson Brands, Inc.*, 2014 WL 4187979 at *4 (internal quotation marks omitted).

Courts applying the *Twombly–Iqbal* standard dismiss concerns about the differences between the months and years plaintiffs have to compose complaints and the relatively short twenty-one day period defendants have to file an answer. *See Dodson*, 289 F.R.D. at 598–603. They argue that "in many cases, the relevant facts supporting affirmative defenses are within the defendant's possession" and therefore relatively little time and effort is needed to acquire what is necessary to meet the heightened standard. *Id.* Moreover, these courts state that if a defendant must omit an affirmative defense for lack of the necessary factual support, it may do so secure in the knowledge that it might be raised later because the Ninth Circuit has "liberalized the requirement that affirmative defenses be raised in a defendant's initial

pleading." *Rivera v. Anaya*, 726 F.2d 564, 566 (9th Cir. 1984).[4] Consequently, these courts find that *Wyshak*'s looser standard has not survived and that the heightened pleading standard of *Twombly* and *Iqbal* applies to affirmative defenses.

### 3. Additional Wrinkles

To confound matters further, the United States District Court for the Eastern District of California has held that this split was resolved in November 2015. *See Castellano*, 2015 WL 7423821 at *2. In *Castellano*, Chief Judge Morrison analyzed the Ninth Circuit's holding in *Kohler v. Flava Enterprises, Inc.* that "the fair notice required by the pleading standards only requires describing the defense in general terms." *Id.* (citing *Kohler*, 779 F.3d at 1016). Despite its attempt at providing clarity, however, this holding does not necessarily endorse *Wyshak*'s "fair notice" standard over the heightened *Twombly–Iqbal* standard. First, *Twombly* and *Iqbal* can be seen as laying out a "fair notice" standard as well. *See Twombly*, 550 U.S. at 554–55, 569, 127 S.Ct. 1955 (answering the antecedent question of "what a plaintiff must plead in order to state a claim" that will "give the defendant fair notice of what the claim is about and the grounds upon which it rests"); *Iqbal*, 556 U.S. at 698, 129 S.Ct. 1937 (Souter, J. dissenting) (disagreeing with the majority's conclusion that a heightened pleading standard was necessary to provide the opposition fair notice). Second, the "general terms" language used in *Kohler* did not pertain directly to the factual content of an affirmative defense. *Kohler*, 779 F.3d at 1019.

Instead its discussion of "general terms" referred to the specific legal terms used by a defendant in its answer. *See id.* (holding that the defendant's use of the term "alternative methods" of accessibility qualified as a recitation of the phrase "equivalent facilitation" such that it gave the plaintiff fair notice of the invocation of the defense under the Americans with Disabilities Act). Taking the view that the Ninth Circuit in *Kohler* restricted its holding to the context of specific terms, other district courts have declined to recognize *Kohler* as resolving the split and have continued to apply the heightened standard. *See e.g., Hartford Underwriters Ins. Co.*, 313 F.R.D. at 574; *Fed. Trade Comm'n v. Directv, Inc.*, No. 15-CV-01129-HSG, 2015 WL 9268119, at *1 (N.D. Cal. Dec. 21, 2015).

What's more, the Federal Rules of Civil Procedure were amended on December 1, 2015, which adds new color to the debate. For example, Federal Rule of Civil Procedure 26(b)(1) now reads

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 12(b)(6)(Dec. 1, 2015). While none of the recent amendments di-

**4.** *See e.g., Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1023 (9th Cir. 2010) ("Although Rule 8 requires affirmative defenses to be included in responsive pleadings, absent prejudice to the plaintiff, the district court has discretion to allow a defendant to plead an affirmative defense in a subsequent motion."); *Healy Tibbitts Const. Co. v. Insurance Co. of* *North America*, 679 F.2d 803, 804 (9th Cir. 1982) ("The defendant should be permitted to raise its policy exclusions defense in a motion for summary judgment, whether or not it was specifically pleaded as an affirmative defense, at least where no prejudice results to the plaintiff.").

rectly implicate Rule 8, these changes emphasize the importance of limiting the scope of discovery through the lens of "proportionality." The imposition of heightened factual requirements for pleading affirmative defenses certainly has the potential to assist significantly in setting proportional discovery limits.

 Although the decisions of other district courts are not binding, the Court finds the arguments favoring *Wyshak*'s "fair notice" standard to be more persuasive. Requiring defendants to satisfy the *Twombly–Iqbal* pleading standard within twenty-one days of being served with a complaint neither accords with the language of Rules 8(c) and 12(f), nor appears just as a matter of policy. Moreover, the Ninth Circuit's liberalization of the pleading requirements in *Kohler* is more in line with the view that a high level of specificity should not be required of defendants at the outset of litigation. Pleading enough factual content to identify the factual grounds on which an affirmative defense rests is adequate to provide fair notice to a plaintiff and to assist the Court in limiting discovery. Accordingly, the Court holds that an affirmative defenses must be supported by at least some facts indicating the grounds on which the defense is based, but need not include facts sufficient to demonstrate plausible entitlement to relief.

### B. Application

### 1. Fourth Affirmative Defense: License

 In the Motion, Plaintiff argues that Defendant's fourth affirmative defense is insufficient because MMG has the burden of specifically identifying "any relevant license that they are relying on to excuse its infringement of Plaintiff's photographs." (Mot. 7.) MMG responds that Plaintiff does not possess copyrights in at least one of the Photographs, that Peter Borsari had an "actual" license for another of the Photographs, and that Plaintiff has, by his conduct, granted MMG an implied license in the remaining photographs. (Opp'n 6.) Plaintiff replies that the licenses alleged do not apply, the licenses alleged are not identified specifically enough to meet either the fair notice or *Twombly–Iqbal* pleading standards, and the documents MMG filed as exhibits do not establish a license agreement between Plaintiff and Defendant. (Reply 5.)

Although MMG's fourth affirmative defense would likely be found insufficient under the *Twombly–Iqbal* standard, is more than adequate to give Plaintiff "fair notice" of the defense. Whether or not Plaintiff has a copyright in any of the Photographs is a matter for the trier of fact to determine and does not bear on whether the defense was sufficiently pled. Whether the documents MMG has produced establish a license and whether the alleged license applies or was exceeded are likewise determinations for the trier of fact and as such do not bear on the sufficiency of the pleading. The sole question relevant to pleading sufficiency is whether the fair notice standard requires MMG to have included more factual content in his affirmative defense pleadings than it in fact did.

Here, despite not specifically identifying an individual license, MMG pleads sufficient factual allegations to put Plaintiff on notice of the defense. The Answer alleges facts that identify who the license was granted to (Peter Bosari), the scope of the license (to right to market and sell), and the licensed objects (the Photographs). Indeed, the Court finds this level of specificity particularly adequate in light of Plaintiff's own vague allegations in the FAC regarding which Photographs are subject to copyright and which of the copyrights were infringed. (*See* FAC ¶ 19 [claiming ten pending registrations but listing only

four] ); *see generally LSI Corp.,* 849 F.Supp.2d at 929 (noting that detailed defenses were unnecessary where the opposing party had not yet identified which patent claims had been infringed). Likewise, the Court finds that MMG's fourth affirmative defense is plead with enough specificity to allow for proportional limits on discovery.

For the foregoing reasons, the Court **DENIES IN PART** Plaintiff's Motion.

### 2. First Affirmative Defense: Failure to State a Claim

MMG agrees that its first affirmative defense for failure to state a claim should be stricken (Opp'n 10); as a result, the Court **GRANTS IN PART** Plaintiff's Motion and **STRIKES** MMG's first affirmative defense without leave to amend.

### 3. Eighth Affirmative Defense: Lack of Personal Jurisdiction

MMG's eighth affirmative defense is alleged as follows: "The Court lacks personal jurisdiction over defendant." (Answer 8.) Plaintiff argues that MMG has "not set forth sufficient facts that, even if taken as true, would support this defense," and further notes that this issue has "already been *prima facie* litigated through Defendant's Motion to Dismiss for lack of personal jurisdiction," which the Court denied. (Mot. to Strike 9–10.) MMG responds that in deciding a motion to dismiss, courts must rely on the allegations in the complaint, "not the actual facts as determined through discovery." (Opp'n 9.)

 Whether challenges to personal jurisdiction are appropriately categorized as affirmative defenses requires an analysis of recent cases. In *Castellano,* the district court held that "[c]laims based on lack of jurisdiction ... do not constitute affirmative defenses." *Castellano,* 2015 WL 7423821 at *4 (citing *Joe Hand Promotions, Inc. v. Nguyen,* No. 11-CV-04745

RMW, 2012 WL 1183738, at *2 (N.D. Cal. Apr. 6, 2012)). By contrast, the court in *Ear v. Empire Collection Authorities, Inc.,* No. 12-1695-SC, 2012 WL 3249514 (N.D. Cal. Aug. 7, 2012), noted that "Rule 12(h) explicitly permits certain negative defenses to be pled in an answer, specifically, the defenses enumerated in Rule 12(b)(2)–(5)." *Id.* at *2. Thus, "a party asserting a defense under Rule 12(h)(1), unlike a party asserting a true affirmative defense, need not prove anything. ... the only allegation material to a Rule 12(h)(1) defense is that the defense exists, so simply invoking the defense as set forth in Rule 12(b) gives a plaintiff all the notice she needs." *Id.*

The Court notes that the authority on which *Castellano* based its holding, *Joe Hand Promotions, Inc.,* struck an affirmative defense based on subject-matter jurisdiction. In contrast to personal jurisdiction, listed in 12(b)(2), Rule 12(h)(1) does not explicitly permit defenses based on lack of subject-matter jurisdiction, listed in Rule 12(b)(1), to be plead in an answer. Thus, *Joe Hand Promotions, Inc.*'s holding and the reasoning employed in *Ear* are consistent, and this Court finds them persuasive. Additionally, this Court agrees with the *Ear* court that simply invoking this defense, especially in light of the previous motion to dismiss, is sufficient to put Plaintiff on fair notice.

For the foregoing reasons, the Court **DENIES IN PART** Plaintiffs Motion.

### 4. Fifth Affirmative Defense: Statute of Limitations

 MMG's fifth affirmative defense is alleged as follows: "Plaintiff is barred by the Statute of Limitations." (Answer 8.) In the Motion, Plaintiff argues that MMG has merely recited a legal doctrine without presenting any facts or argument that might put Plaintiff on fair notice. (Mot. to Strike 7–8.) MMG responds that Plaintiff's

awareness of Mr. Bosari's death and failure to make a claim against his estate for return of the Photographs placed Plaintiff "beyond the applicable statute of limitations to bring such a claim." (Opp'n 7.) Plaintiff replies that this argument is not relevant to his infringement claims and that it does not clearly indicate how any statute of limitations has been violated. (Reply 6.)

Defendant's fifth affirmative defense is inadequate under either the "fair notice" or *Twombly-Iqbal* standard. Plaintiff has alleged direct copyright infringement under 17 U.S.C. sections 106 and 501 and violation of the Digital Millennium Copyright Act under 17 U.S.C. section 1202(a). (FAC 8, 10.) MMG has not alleged which of these statutes' limitations periods have run, what conduct caused such limitations periods to trigger, or any facts that might effectively put Plaintiff on notice of the factual basis for this defense. While the amount of factual allegations necessary to satisfy the "fair notice" standard varies according to the defense asserted, and that in some cases a bare bones recitation of a statute of limitations defense may be sufficient to put a Plaintiff on notice,[5] that is not the case here. At a minimum, MMG must allege which statute(s) of limitations it is relying upon, what cause(s) of action are barred, the date after which such bar became effective, and some factual allegations concerning why the limitations period has expired. See *Ariosta v. Fallbrook Union High Sch. Dist.*, No. 08CV2421 L, 2009 WL 1604569, at *9 S.D. Cal. June 4, 2009. Absent such allegations, Plaintiff cannot fairly be said to be on notice and this Court cannot begin to proportionally circumscribe discovery.

For the foregoing reasons, this Court **GRANTS IN PART** Plaintiff's Motion and **STRIKES** MMG's fifth affirmative defense with leave to amend.

5. Second, Third, Sixth, and Seventh Defenses: (2) First Sale Doctrine, (3) Unclean Hands, (6) Waiver, and (7) Abandonment

The entirety of MMG's second, third, sixth, and seventh affirmative defenses are as follows:

2. MMG is protected by the First Sale Doctrine[;]

3. Plaintiff has unclean hands[;]

6. Plaintiff has waived his right to claim a copyright violation[; and]

7. Plaintiff abandoned the photographs he claims a copyright violation in.

(Answer 8.) First, although the Ninth Circuit expressly recognizes "waiver or abandonment of copyright" as an affirmative defense, these terms describe the same defense of "the intentional relinquishment of a known right with knowledge of its existence and the intent to relinquish it," and therefore cannot be plead as separate defenses. See *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1026 (9th Cir. 2001). Moreover, review of motions to strike for insufficient pleading are restricted to the face of the pleading under attack or facts the Court can judicially notice. See *S.E.C. v. Sands*, 902 F.Supp. 1149, 1165 (C.D. Cal. 1995), *aff'd sub nom. S.E.C. v. First Pac. Bancorp*, 142 F.3d 1186 (9th Cir. 1998) ("The grounds for the motion must appear on the face of the pleading under attack or from matter which the court may judicially notice.") Standing alone, these defenses are mere recitations of legal doctrines devoid of any factual allegations, and as such, they fail to pro-

---

**5.** For example, a bare bones recitation might be sufficient where a single cause of action is plead under a single statute and the facts relevant to the statute's run are stipulated or previously asserted by the asserting party elsewhere.

vide "fair notice" to Plaintiff. Should MMG choose to amend its Answer, it should take care to allege how the facts it has chosen to allege are relevant, probative, and support each defense.

For the foregoing reasons, the Court **GRANTS IN PART** Plaintiff's Motion and **STRIKES** MMG's second, third, and sixth affirmative defenses with leave to amend. The Court **STRIKES** MMG's seventh affirmative defense without leave to amend.

## III. RULING

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Motion. The Court **STRIKES** from MMG's Answer its first and seventh affirmative defenses without leave to amend and **STRIKES** from MMG's Answer its second, third, fifth, and sixth affirmative defenses with leave to amend. Should MMG wish to amend its Answer, it may do so (1) without leave of the Court within fourteen (14) days of the issuance of this order; or (2) with leave of the Court upon a showing of good cause.

**IT IS SO ORDERED.**

