NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

APR 18 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ARCHITECTURAL DESIGN
CONTRACTORS, INC., a California
corporation (substituted as Plaintiff per
docket no. 49) Substituted for Temcula
M.O.B., LLC,

          Plaintiff-Appellee,

  v.

BUILDER SERVICES GROUP, INC., a
Florida corporation as the successor to
TRUTEAM OF CALIFORNIA, INC., a
California corporation,

          Defendant-Appellant.

No. 21-56290

D.C. No. 5:18-cv-02594-SB-SP

ARCHITECTURAL DESIGN
CONTRACTORS, INC., a California
corporation (substituted as Plaintiff per
docket no. 49) Substituted for Temcula
M.O.B., LLC,

          Plaintiff-Appellant,

  v.

BUILDER SERVICES GROUP, INC., a
Florida corporation as the successor to
TRUTEAM OF CALIFORNIA, INC., a

No. 21-56393

D.C. No. 5:18-cv-02594-SB-SP

MEMORANDUM*

---

    * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

California corporation,

Defendant-Appellee.

Appeal from the United States District Court
for the Central District of California
Stanley Blumenfeld, Jr., District Judge, Presiding

Submitted April 13, 2023[**]
Pasadena, California

Before: MILLER and MENDOZA, Circuit Judges, and MOSKOWITZ,[***] District Judge.

This case is a tale of two waivers. At trial in this breach-of-contract action between Plaintiff Architectural Design Contractors, Inc. (ADC) and Defendant Builders Services Group, Inc. (BSG), BSG argued it was entitled to judgment as a matter of law because ADC did not mediate before bringing suit when it was contractually required to. But BSG never raised or invoked the mediation requirement before trial. BSG's silence on the mediation requirement before trial waived that requirement. Because the district court's waiver decision was correct, we affirm the denials of BSG's motions for judgment as a matter of law.

After prevailing at trial, ADC moved for attorney's fees under the

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Barry Ted Moskowitz, United States District Judge for the Southern District of California, sitting by designation.

subcontract. ADC did not seek attorney's fees under an addendum to the subcontract. The district court correctly ruled that ADC was not entitled to attorney's fees under the subcontract provisions it relied upon in its motion. Moreover, the district court correctly ruled that ADC forfeited or waived the argument that it was entitled to attorney's fees under the addendum by not seeking such fees under the addendum in its original motion. Because the district court properly denied ADC's motion for attorney's fees, we affirm the denial of that motion.

We have jurisdiction over these appeals under 28 U.S.C. § 1291. Because the parties are familiar with the factual and procedural history of the case, we need not recount it here.

We review the denials of BSG's motions for judgment as a matter of law—and the question whether BSG waived the mediation provision—de novo. *Wadler v. Bio-Rad Lab'ys., Inc.*, 916 F.3d 1176, 1185 (9th Cir. 2019) (explaining that review of the denial of a motion for judgment as a matter of law is de novo). Because, as detailed below, the Federal Rules of Civil Procedure are applicable to the question of whether BSG waived the mediation provision, those Rules govern the issue of waiver. *See, e.g.*, *Healy Tibbitts Constr. Co. v. Ins. Co. of N. Am.*, 679 F.2d 803, 804 (9th Cir. 1982) (per curiam) ("While state law defines the nature of the defenses, the Federal Rules of Civil Procedure provide the manner and time in

which defenses are raised and when waiver occurs.").

The subcontract provided that "mediation [wa]s a condition precedent to any other form of binding dispute resolution." However, BSG was silent about the mediation provision before trial. It did not raise it in its answer, in its motion for summary judgment, nor in any pretrial filings, including the proposed pretrial order. Indeed, it did not raise the mediation provision until after the close of ADC's case. As the district judge correctly ruled, that silence waived the issue.

The disagreement between the parties over whether the mediation requirement was an affirmative defense or an element of ADC's claim is immaterial. If the requirement was an affirmative defense, then BSG waived it by failing to comply with Federal Rule of Civil Procedure 8(c)(1). *See* Fed. R. Civ. P. 8(c)(1) ("In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense."); *Nw. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 924 (9th Cir. 1988) (A defense "not raised in the pretrial order or prior to trial" was waived); *see also United States v. First Nat'l Bank of Circle*, 652 F.2d 882, 886–87 (9th Cir. 1981) (explaining that issues "not at least implicitly included in the [pretrial] order are [generally] barred"). If the mediation requirement was an element of ADC's claim, then Federal Rule of Civil Procedure 9(c) required BSG to invoke the requirement "with particularity." *See* Fed. R. Civ. P. 9(c) (providing that satisfaction of conditions precedent can be alleged generally

but that parties must deny their performance "with particularity"). BSG did not specifically invoke or mention the mediation requirement in response to ADC's general pleading regarding conditions precedent. Thus, BSG failed to comply with Federal Rule of Civil Procedure 9(c) and waived the mediation requirement. *See, e.g., De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 878–79 (9th Cir. 2000) (concluding defendants waived authority-to-sue argument by failing to plead it under Rule 9(a) and not raising it "until one week before the trial was scheduled to begin").

What is most troubling about BSG's invocation of the mediation requirement after the close of ADC's case at trial is that TruTeam of California, Inc. (a company that later merged into BSG) explicitly waived the requirement before this litigation started. In response to a "demand for mediation" by ADC, TruTeam's counsel explained in an email that because "mediation would [not] be productive," TruTeam was "willing to waive the mediation requirement."

The district judge relied on that email, and BSG has not shown that the judge erred in doing so. The explicit waiver of the mediation requirement forecloses BSG's challenge to the district judge's waiver ruling. Indeed, allowing BSG to invoke the mediation requirement at trial would have circumvented a main purpose of pretrial filings: "to eliminate surprise." *See generally Walker v. W. Coast Fast Freight, Inc.*, 233 F.2d 939, 941 (9th Cir. 1956) (explaining that a primary purpose

5

of pretrial orders "is to eliminate surprise by sharpening and simplifying the issues which must be tried"). We hold that the district judge correctly ruled that BSG waived the mediation provision and properly denied BSG's motions for judgment as a matter of law.

We review the district court's interpretation of contractual provisions for attorney's fees de novo. *Milenbach v. Comm'r*, 318 F.3d 924, 930 (9th Cir. 2003) ("The interpretation and meaning of contract provisions are questions of law reviewed de novo."). The district court properly denied ADC's motion for attorney's fees, for two main reasons. First, ADC was not entitled to attorney's fees under the original subcontract. The subcontract provided that the prevailing party in any "dispute resolution procedure *designated* in the Subcontract Documents shall be entitled to recover from the other party reasonable attorney's fees" (emphasis added). ADC argued that the mediation provision—which provided that "mediation is a condition precedent to any other form of binding dispute resolution"—designated litigation as a dispute resolution procedure.

The subcontract provisions relied upon by ADC in its motion for attorney's fees did not expressly designate *litigation* as a dispute resolution procedure by providing that mediation was a condition precedent to any other form of binding dispute resolution. The district judge correctly rejected the sole argument in ADC's motion for attorney's fees.

Second, ADC waived any reliance on the addendum, which expressly provided for attorney's fees in litigation. ADC did not rely on the addendum in its motion. The district judge filed a tentative ruling and gave ADC the opportunity at oral argument to raise a different contractual provision, but ADC did not invoke the addendum and instead submitted on the tentative ruling. The district judge was not required to search for additional contractual provisions on ADC's behalf. *See generally Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) (declining to "manufacture arguments for an appellant" because "[j]udges are not like pigs, hunting for truffles buried in briefs" (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) (per curiam))); *In re E.R. Fegert, Inc.*, 887 F.2d 955, 957 (9th Cir. 1989) ("The rule in this circuit is that appellate courts will not consider arguments that are not . . . raised sufficiently for the trial court to rule on [them].").

ADC's reliance on the addendum in its Rule 59(e) motion was simply "too late." *See 389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (stating that argument raised for first time in reconsideration motion was "too little, too late"). ADC waived any reliance on the addendum. Because the district judge properly rejected ADC's argument for attorney's fees, and because ADC did not rely on the addendum in its motion for such fees, the district judge's denial of that motion is also affirmed. The parties shall bear their own costs and fees on appeal.

**AFFIRMED.**