FILED

JAN 28 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TONY MARTINEZ,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>COLUMBIA SPORTSWEAR USA CORP., DBA Columbia Sportswear Company 446; et al.,<br><br>Defendants - Appellees. | No. 11-16543<br><br>D.C. No. 2:10-cv-01333-GEB-KJN<br><br>MEMORANDUM[*] |
| TONY MARTINEZ,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>COLUMBIA SPORTSWEAR USA CORP., DBA Columbia Sportswear Company 446; et al.,<br><br>Defendants - Appellees. | No. 12-16331<br><br>D.C. No. 2:10-cv-01333-GEB-KJN |

Appeal from the United States District Court
for the Eastern District of California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Garland E. Burrell, Jr., Senior District Judge, Presiding

Argued and Submitted December 3, 2013
San Francisco, California

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

**I.**

Appellant Tony Martinez, a parapalegic, filed an action in the District Court for the Eastern District of California against 21 retail stores, alleging violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et. seq. (the "ADA"), and related California Statutes, due to accessibility issues he allegedly encountered while shopping. Appellant here appeals from the district court's grant of summary judgment in favor of the defendants, Columbia Sportswear USA Corp. ("Columbia"), Eddie Bauer LLC ("Eddie Bauer"), and New Balance Athletic Shoe, Inc. ("New Balance"). Specifically, Plaintiff challenges the denial of a Federal Rule of Civil Procedure 56(d) motion for continuance in his case against New Balance, and summary judgment in favor of Columbia and Eddie Bauer in his

second case.[1]  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[2]

## II.

The party seeking a Rule 56(d) continuance bears the burden of proffering facts sufficient to satisfy the requirements of 56(d).  *Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 921 (9th Cir. 1996).

In ruling on a 56(d) motion, a district court considers:

- whether the movant had sufficient opportunity to conduct discovery. *See Qualls By and Through Qualls v. Blue Cross of Calif., Inc.*, 22 F.3d 839, 844 (9th Cir. 1994);

- whether the movant was diligent.  *See Pfingston v. Ronan Eng'g Co.*, 284 F.3d 999, 1005 (9th Cir. 2002); *see also Bank of Am. v. Pengwin*, 175 F.3d 1109, 1118 (9th Cir. 1999);

- whether the information sought is based on mere speculation.  *See Nordstrom, Inc. v. Chubb & Son, Inc.*, 54 F.3d 1424, 1436-37 (9th Cir. 1995); *see also State of Cal., ex. rel. Cal. Dep't of Toxic Substances Control v. Campbell*, 138 F.3d 772, 779-80 (9th Cir. 1998); and

- whether allowing additional discovery would preclude summary judgment.  *See Michelman v. Lincoln Nat. Life Ins. Co.*, 685 F.3d 887, 892 (9th Cir. 2012).

---

[1]  Federal Rule of Civil Procedure 56(d) was previously numbered 56(f), thus some previous case law refers to 56(f).  For the sake of clarity it is referred to herein as 56(d).

[2]  Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our decision.

There is no bright-line rule based on the timing of the summary judgment motion. *See, e.g., Burlington N. Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes of the Ft. Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003).

A district court's denial of a request for a Rule 56(d) continuance is reviewed for abuse of discretion. *See Getz v. Boeing Co.*, 654 F.3d 852, 867-68 (9th Cir. 2011); *Roberts v. McAfee, Inc.*, 660 F.3d 1156, 1169 (9th Cir. 2011).

The record reveals a lack of diligence on the plaintiff's part. Plaintiff failed to file an opposition to summary judgment, failed to file a statement of disputed material facts, and was put on notice that the summary judgment motion would be filed five months prior to its filing. Moreover, the summary judgment motion was filed over nine months after the plaintiff had filed his suit; scheduling had been delayed due to the plaintiff's failure to properly serve some defendants; and plaintiff's counsel's affidavit in support of the 56(d) motion made clear that plaintiff had not diligently pursued even basic discovery. Further, New Balance is a store open to the public and plaintiff's counsel or other representative could have gone in at any time and, at a minimum, made a visual inspection to confirm or deny the existence of barriers.

Also, additional discovery was not likely to prevent summary judgment, and may have amounted to a fishing expedition because: (a) Martinez admitted in

4

deposition that he was not aware of any violations at the New Balance store; (b) there was no evidence in the record that there were any violations; and (c) defendants had presented competent evidence of compliance with the ADA. Martinez has not shown that the district court abused its discretion in denying his Rule 56(d) motion.

**III.**

In reviewing a grant of summary judgment, we view the evidence in the light most favorable to the nonmoving party to "determine whether there are genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *S.E.C. v. CMKM Diamonds, Inc.*, 729 F.3d 1248, 1255 (9th Cir. 2013) (internal quotation marks and citation omitted).  Further, "[i]t is well settled that a non-moving party must present 'more than a 'mere ... scintilla of evidence' to defeat a motion for summary judgment." *U.S. v. $11,500.00 in U.S. Currency*, 710 F.3d 1006, 1019-20 (9th Cir. 2013) (alteration in original) (citations omitted).  Here, the evidence showed that: (a) the defects Martinez complained of were remedied (for example, the clearing of moveable merchandise racks from the aisles); or (b) the stores offered equivalent facilitation (for example, a dressing room bench that was 60", wider than the required 48"); or (c) there was less than a scintilla of proof provided that the defective conditions existed (for example, the

5

pay point machine, which Martinez initially claimed was too high, but later admitted did not exist in the Eddie Bauer store).  The district court properly granted summary judgment for the defendants.

**AFFIRMED.**

Martinez v. Columbia Sportswear USA, et al., Nos. 11-16543 & 12-16331

SILVERMAN, Circuit Judge: Dissenting

I agree with the appellees that Martinez's motion to dismiss his case, filed a week before it was to be argued before us, should be treated as a motion for voluntary dismissal of the appeal. I would disallow Martinez's subsequent attempt to withdraw the motion to dismiss, and I would dismiss the appeal with prejudice and with costs to appellees. I would not reach the merits of the appeal and do not join the Memorandum.