**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 24 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SCOTT JOHNSON, | No. 19-16557 |
| Plaintiff-Appellee, | D.C. No. 2:14-cv-01454-MCE-AC |
| v. | |
| AZIZ UR REHMAN, | MEMORANDUM[*] |
| Defendant-Appellant, | |
| and | |
| OMAR GHAITH, | |
| Defendant. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted November 18, 2020[**]
San Francisco, California

Before: TASHIMA, NGUYEN, and HURWITZ, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Defendant Aziz Ur Rehman appeals a grant of summary judgment in favor of plaintiff Scott Johnson on claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12182–12183, the Unruh Act, Cal. Civ. Code § 51, and the Disabled Persons Act, *id.* §§ 54–54.6. We have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo, *see Kohler v. Flava Enters., Inc.*, 779 F.3d 1016, 1018 (9th Cir. 2015), we affirm.

1.   Rehman challenges "Johnson's motivation for visiting the business," but "motivation is irrelevant to the question of standing under Title III of the ADA." *Civ. Rts. Educ. & Enf't Ctr. v. Hosp. Props. Tr.*, 867 F.3d 1093, 1102 (9th Cir. 2017). Nor was Johnson's motivation relevant to his Unruh Act claim, because "a violation of the ADA constitutes a violation of the Unruh Act." *Cohen v. City of Culver City*, 754 F.3d 690, 701 (9th Cir. 2014) (first citing Cal. Civ. Code § 51(f); and then citing *Munson v. Del Taco, Inc.*, 208 P.3d 623, 625 (Cal. 2009)).

2.   Rehman asserts that he was not required to remove barriers to access because he "did not make any structural alterations to the building he purchased." However, discrimination under Title III of the ADA "includes 'a failure to remove architectural barriers . . . in *existing* facilities . . . where such removal is readily achievable.'" *Kohler v. Bed Bath & Beyond of Cal., LLC*, 780 F.3d 1260, 1263 (9th Cir. 2015) (emphasis added) (quoting 42 U.S.C. § 12182(b)(2)(A)(iv)). An "[e]xisting facility" is "a facility in existence on any given date, without regard to

2

whether the facility may also be considered newly constructed or altered . . . ." 28 C.F.R. § 36.104.

Even assuming that the building and parking lot complied with the Sacramento City Code, that does not alter Rehman's obligations under the ADA and Unruh Act. *See* U.S. Const. art. VI, cl. 2. When the City Code says that certain parking uses "may continue," it is saying simply that it may continue without violating the City Code. It does not establish that compliance with the City Code negates any additional requirements imposed by state or federal law. *See* U.S. Dep't of Justice, Civil Rights Div., ADA Certification of State and Local Accessibility Requirements, https://www.ada.gov/certcode.htm ("Design and construction under state and local codes complies with the ADA only when the codes provide accessibility that equals or exceeds the ADA requirements. When these laws are inconsistent, the burden falls on building owners and design professionals to ensure compliance with both federal and state laws.").

3. Rehman disputes that he failed to remove an architectural barrier, but he did not produce evidence showing a triable issue of fact on this issue. His subsequent remediation efforts—replacing a doorknob and repainting the wheelchair-accessible parking space—do not lessen his liability for past violations of state law. *Cf. Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905–06, 906 n.6 (9th Cir. 2011) (explaining that "a defendant's voluntary removal of alleged barriers

3

prior to trial can have the effect of mooting a plaintiff's ADA claim," because unlike the Unruh Act, the ADA does not provide for money damages to a private plaintiff).

Rehman does not dispute that when Johnson visited SmarTEK, Johnson encountered parking spaces and a door handle that did not comply with the ADA Accessibility Guidelines. Nor does Rehman dispute that removing these barriers would have been readily achievable. He argues only that the non-compliant elements were insignificant and thus did not affect Johnson's "full and equal enjoyment of the facility on account of his particular disability." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946–47 (9th Cir. 2011) (en banc).

Johnson provided evidence that he encountered barriers not faced by individuals without his physical limitations and that these barriers deterred him from patronizing SmarTEK, and caused him difficulty, embarrassment, discomfort, and frustration. The parking lot did not reserve a space for disabled individuals, so Johnson had to leave his van lift deployed while he was inside the store—a security risk—to prevent another vehicle from blocking him. When he reached SmarTEK's door, he could not enter the store on his own because the door was closed, and he had difficulty manipulating the doorknob. Although a SmarTEK employee opened the door for him, a non-disabled individual would not have had to endure embarrassment and frustration while waiting for assistance.

4

Rehman's personal opinions regarding Johnson's credibility and the extent of Johnson's physical limitations did not create a genuine dispute of material fact. *See Schuler v. Chron. Broad. Co.*, 793 F.2d 1010, 1011 (9th Cir. 1986). That Johnson was able to shop at SmarTEK notwithstanding the access barriers is not proof of their nonexistence. *See Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1041 n.4 (9th Cir. 2008) ("[The ADA] does not limit its antidiscrimination mandate to barriers that completely prohibit access.").

**AFFIRMED.**