**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| MICHAEL L. MAYES, | No. 22-35075 |
| Plaintiff-Appellant, | D.C. No. 1:21-cv-01198-CL |
| v. | |
| AMERICAN HALLMARK INSURANCE COMPANY OF TEXAS, a foreign corporation, | MEMORANDUM* |
| Defendant-Appellee. | |

|  |  |
|---|---|
| MICHAEL L. MAYES, | No. 22-35120 |
| Plaintiff-Appellee, | D.C. No. 1:21-cv-01198-CL |
| v. | |
| AMERICAN HALLMARK INSURANCE COMPANY OF TEXAS, a foreign corporation, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted August 22, 2024[]
San Francisco, California

Before:  KOH and SUNG, Circuit Judges, and EZRA,[***] District Judge.

Michael Mayes, proceeding pro se, appeals the dismissal of his complaint with prejudice. American Hallmark Insurance Company of Texas ("American Hallmark") cross-appeals the denial of attorneys' fees. We have jurisdiction under 28 U.S.C. § 1291. We affirm the dismissal of the complaint but reverse and remand in part so that Mayes may be granted leave to amend his complaint. We also affirm the denial of attorneys' fees.[1]

We review the dismissal of the complaint de novo, *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma County*, 708 F.3d 1109, 1115 (9th Cir. 2013), construing Mayes' pro se pleadings liberally, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). We review the denial of attorneys' fees for abuse of discretion. *Kohler v. Flava Enters., Inc.*, 779 F.3d 1016, 1018 (9th Cir. 2015).

1.     The district court properly dismissed Mayes' first negligence claim, which

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

[1] We hold in a separate opinion filed today that formal service is not a prerequisite for removal and affirm the district court's denial of Mayes' motion to remand. *Mayes v. Am. Hallmark Ins. Co.*, -- F.4th -- (9th Cir. 2024).

alleges American Hallmark, as the insurer, is liable for property damage caused by JM Construction, the insured. Because Mayes has not secured a final judgment against JM Construction, he cannot bring a direct action against American Hallmark for property damage caused by JM Construction. *See Tashire v. State Farm Fire & Cas. Co.*, 363 F.2d 7, 10 (9th Cir. 1966) (under Oregon law, "a direct action against the insurer is not allowable until after the claimant shall have secured a final judgment against the insured"), *judgment rev'd on other grounds sub nom. State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523 (1967). A state court would dismiss this claim for the same reason. *See Hale v. Fireman's Fund Ins. Co.*, 302 P.2d 1010, 1016 (Or. 1956) (holding plaintiff could not "win a judgment in the tort action" because "[t]he defendant insurance companies are not required to do anything concerning the plaintiff until a judgment is entered in his favor against [the insured]"). Consequently, remand would be futile, and dismissal was proper. *See Bell v. City of Kellogg*, 922 F.2d 1418, 1424–25 (9th Cir. 1991) ("Where . . . remand to state court would be futile, . . . the desire to have state courts resolve state law issues is lacking."); *Sauk-Suiattle Indian Tribe v. City of Seattle*, 56 F.4th 1179, 1189–90 (9th Cir. 2022) ("Our precedent . . . continues to recognize the futility exception."), *cert. denied*, 144 S. Ct. 74 (2023).[2]

---

[2] We deny Mayes' first motion to remand on this ground (Docket Entry 25). We also deny Mayes' second motion to remand (Docket Entry 67) because it relies in

2.      We agree with the district court that Mayes' remaining state law claims should also be dismissed, but for different reasons.

Mayes' complaint includes two similar claims, both titled "Vicarious Liability/Willful Negligence," alleging that different American Hallmark employees' conduct during settlement discussions caused him emotional distress. The district court construed these claims as intentional infliction of emotional distress ("IIED") claims. We agree with the district court that Mayes failed to state IIED claims because the employees' alleged conduct—dropped calls, delayed responses, argumentative and rude remarks from staff—is not an extraordinary transgression of the bounds of socially tolerable conduct. *See Patton v. J.C. Penney Co., Inc.*, 719 P.2d 854, 857–58 (Or. 1986) (behavior that is "rude, boorish, tyrannical, churlish and mean" rather than "outrageous in the extreme" does not support an IIED claim), *abrogated in part on other grounds by McGanty v. Staudenraus*, 901 P.2d 841, 852 (Or. 1995).

However, as Mayes argued below, his claims can also be construed as negligence per se claims based on American Hallmark's alleged violations of § 746.230 of the Oregon Insurance Code. Or. Rev. Stat. § 746.230 (2024). The district court erred in declining to construe Mayes' pro se complaint as bringing

part on this ground, and in part on the ground that service is a prerequisite to removal, which we reject in our concurrently filed opinion. *See Mayes v. Am. Hallmark Ins. Co.*, -- F.4th -- (9th Cir. 2024).

4

negligence per se claims for emotional distress damages. While this appeal was pending, the Oregon Supreme Court decided *Moody v. Oregon Community Credit Union*, 542 P.3d 24 (Or. 2023).[3] In that case, the plaintiff, the surviving spouse of a deceased breadwinner, brought a common-law negligence claim for emotional distress damages against her husband's life insurer for alleged violations of § 746.230. *Id.* at 28–29. To determine whether § 746.230 "indicates the existence of [a] legally protected interest . . . sufficient to permit a claim for [emotional distress] damages," the court conducted a case-specific and multi-factor inquiry. *Id.* at 36–37. The Oregon Supreme Court concluded that, under the circumstances presented, "the insurance claim practices that [§ 746.230] requires and the emotional harm that foreseeably may occur if that statute is violated are sufficiently weighty to merit imposition of liability for common-law negligence and recovery of emotional distress damages." *Id.* at 45. In our view, *Moody* left open the possibility, but did not decide, that § 746.230 imposes a legal obligation designed to protect third-party claimants like Mayes from emotional harm caused by a violation of the statute. *See id.* at 35 (courts must "decide on a case-by-case basis whether a professional's relationship with a third party is capable of supporting a negligence

---

[3] On October 3, 2023, the court removed this case from the calendar, deferred submission pending the Oregon Supreme Court's resolution of *Moody*, and administratively closed this case (Docket Entry 68). The Oregon Supreme Court issued its decision in *Moody* on December 29, 2023, and the final appellate judgment issued on March 3, 2024.

[per se] claim" (citation omitted)).[4]

In this case, however, we do not need to resolve this open question of state law. Even assuming Mayes could bring a negligence per se claim based on violations of § 746.230, his allegations fail to state such a claim. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Even construing Mayes' pro se complaint liberally, it does not contain enough specific factual allegations to establish that American Hallmark engaged in any unfair claim settlement practices prohibited by § 746.230.

Mayes broadly alleges that American Hallmark falsified facts related to his insurance claim. Although § 746.230 prohibits an insurance company from "[m]isrepresenting facts or policy provisions in settling claims," § 746.230(1)(a),

---

[4] Multiple provisions in the statute that describe unfair settlement practices refer to actions committed against both "claimants" and "insureds." *See* §§ 746.230(1)(g), (1)(j), (1)(k), (2)(b); *Oregon v. Gaines*, 206 P.3d 1042, 1046 (Or. 2009) (explaining at step one of statutory interpretation, Oregon courts must examine the "text and context of the statute"). Section (2)(b) specifically discusses "lawsuits filed against the insurer or its *insured* by *claimants*," suggesting that the statute draws a distinction between the two. § 746.230(2)(b) (emphasis added). The text thus lends some support for the possibility that § 746.230 contemplates protections for third-party claimants and not just for insureds.

Mayes' complaint fails to state a claim because it does not specifically describe the allegedly false statements or identify the bases for his assertion that the statements were false. Similarly, Mayes alleges that American Hallmark representatives made contradictory statements, but he does not describe those statements with specificity, and he undermines his own claim by alleging that the representatives "seemed to have the same talking points."

Mayes' allegations also do not show that American Hallmark violated § 746.230(1)(b), which prohibits an insurance company from "[f]ailing to acknowledge and act promptly upon communications relating to claims." Although Mayes broadly alleges that American Hallmark did not adequately respond to some of his communications, his own specific allegations establish that American Hallmark generally responded to him within a day or two and processed his claim in a little over two weeks. Similarly, Mayes alleges that American Hallmark did not respond to his request for a recording of a phone call with an agent, but his allegations also establish that American Hallmark promptly acknowledged his request and provided him a summary of the call. Thus, even taking Mayes' allegations as true, they fail to establish that American Hallmark violated § 746.230(1)(b).

Nor do Mayes' allegations establish that American Hallmark violated § 746.230(1)(d), which prohibits an insurance company from "[r]efusing to pay

claims without conducting a reasonable investigation based on all available information." Mayes' allegations establish that American Hallmark arranged for an independent appraiser to investigate the damage to Mayes' car and instructed him to take his car to a repair shop for further assessment, but Mayes refused to take his car to a repair shop without a full estimate and then disagreed with the estimate that American Hallmark provided. Even assuming the truth of these allegations, they do not establish that American Hallmark failed to conduct a reasonable investigation.

Finally, Mayes' allegations do not establish that American Hallmark violated § 746.230(1)(f), which prohibits insurance companies from "[n]ot attempting, in good faith, to promptly and equitably settle claims in which liability has become reasonably clear." Rather, Mayes' allegations establish that, within 14 days of speaking to Mayes, American Hallmark mailed him an estimate and a check for $4,543.05. Although Mayes alleges that this estimate was too low, the fact that he may have received alternate, higher estimates does not plausibly show that American Hallmark failed to attempt to promptly settle his claim in good faith.

Still, because Mayes was acting pro se, he should be given the opportunity to correct any deficiencies in his pleading with respect to his negligence per se claims. *See Watison v. Carter*, 668 F.3d 1108, 1117 (9th Cir. 2012) ("A district court should grant leave to amend even if no request to amend the pleading was

8

made, unless it determines that the pleading could not possibly be cured by the allegation of other facts. The rule favoring liberality in amendments to pleadings is particularly important for the pro se litigant." (cleaned up)). Here, it is at least conceivable that Mayes could cure the deficiencies in his complaint by alleging additional, specific facts. We therefore affirm the dismissal of the negligence per se claims against American Hallmark that are based on the insurer's own conduct toward Mayes, but we reverse the dismissal of those claims "with prejudice" and remand so that Mayes can be given leave to amend.[5]

3.      The district court did not abuse its discretion in denying American Hallmark's motion for attorneys' fees. Under Oregon law, a prevailing party against whom a claim was asserted is entitled to attorneys' fees only if "there was no objectively reasonable basis" for the claim. Or. Rev. Stat. § 20.105 (2024). "A claim lacks an objectively reasonable basis only if it is 'entirely devoid of legal or factual support.'" *Williams v. Salem Women's Clinic*, 263 P.3d 1072, 1076 (Or. Ct. App. 2011) (citations omitted). Although we conclude that Mayes' allegations do

---

[5] The district court erred in adopting the magistrate judge's conclusion that amendment would be futile because Mayes could not bring *any* claims against American Hallmark without first securing a judgment against JM Construction. In bringing a negligence per se claim, Mayes challenges American Hallmark's tortious conduct. American Hallmark may be liable for its own conduct independent of whether JM Construction is liable for property damage. *See Moody*, 542 P.3d at 41 ("[T]he conduct that ORS 746.230 proscribes includes conduct that is independent of the obligation to pay benefits due under the insurance policy.").

9

not state a claim, they are sufficient to provide an objectively reasonable basis for asserting his claims.[6]

**AFFIRMED IN PART, REVERSED AND REMANDED IN PART.**[7]

---

[6] We deny Mayes' motion for leave to certify questions to the Oregon Supreme Court (Docket Entry 72). *See W. Helicopter Servs., Inc. v. Rogerson Aircraft Corp.*, 811 P.2d 627, 630 (Or. 1991); *Thompson v. Paul*, 547 F.3d 1055, 1065 (9th Cir. 2008). We deny as moot Mayes' motion to exceed the page limit (Docket Entry 28), Mayes' motion to strike (Docket Entry 45); Mayes' motion for leave to amend (Docket Entry 50); and American Hallmark's motion to strike (Docket Entry 57).

[7] The parties shall bear their own costs on appeal.